NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JIANHUA SHEN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    16-72658

Agency No. A208-085-435

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 6, 2022[**]
Pasadena, California

Before:  M. SMITH, BADE, and VANDYKE, Circuit Judges.

Petitioner Jianhua Shen, a native and citizen of China, seeks review of the

Board of Immigration Appeals' (BIA) decision affirming an Immigration Judge's

(IJ) adverse credibility determination against him that resulted in the denial of his

application for asylum, withholding of removal, and relief under the Convention

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture (CAT). We dismiss the petition as to Shen's CAT claim, withholding claim, and claim of persecution on account of political opinion because those issues were not exhausted before the BIA. *Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004). We deny the petition as to the remainder of Shen's asylum claim for the reasons given below, exercising jurisdiction under 8 U.S.C. § 1252.

We review the agency's factual findings, including adverse credibility determinations, for substantial evidence. *Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020) (citing *Bassene v. Holder*, 737 F.3d 530, 536 (9th Cir. 2013)). We will not disturb an adverse credibility determination unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (per curiam). Therefore, "only the most extraordinary circumstances will justify overturning an adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010) (quoting *Jibril v. Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005)).

Considering the totality of the circumstances, *see Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc), substantial evidence supports the agency's conclusion that Shen did not testify credibly. The agency's determination is supported by inconsistencies and implausibilities in Shen's testimony that he was unable to adequately explain, as well as the IJ's observation of his demeanor.

Shen gave conflicting answers, which he was unable to adequately explain, as to whether his employer knew of his arrest. *See Cortez–Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010). The agency also reasonably concluded that several aspects of Shen's testimony were "utterly implausible." *See Lalayan v. Garland*, 4 F.4th 822, 836 (9th Cir. 2021). First, Shen claimed that he did not get hospital treatment for the injuries he allegedly sustained in police detention because a police permit was required to get a medical evaluation. Second, Shen claimed that he could not relocate in China because his name was on a "blacklist" that the police in China shared across a common network, which the agency found unlikely given that Shen was able to clear airport security when leaving China twice before without any issues. Finally, the agency found it implausible that Shen would voluntarily choose to return to China where he was allegedly arrested, detained, and beaten for practicing his religion, instead of seeking asylum on his first trip to the United States. *See Cui v. Holder*, 712 F.3d 1332, 1337 (9th Cir. 2013) (holding that the petitioner's "ability to travel [abroad], his lack of efforts to then enter the United States, and his voluntary decision to return to China … undermine[d] his assertions that he feared persecution" and supported an adverse credibility determination).

The agency also based its adverse credibility determination on Shen's demeanor, a determination we must give special deference "because IJs are in the best position to assess demeanor and other credibility cues we cannot readily access

3

on review." *Shrestha*, 590 F.3d at 1041; 8 U.S.C. § 1158(b)(1)(B)(iii) (an IJ may base an adverse credibility determination on the "demeanor, candor, or responsiveness of the applicant"); *see also Ling Huang v. Holder*, 744 F.3d 1149, 1153–54 (9th Cir. 2014) ("The need for deference is particularly strong in the context of demeanor assessments.").

In conclusion, Shen failed to establish that "any reasonable adjudicator would be compelled" to disagree with the agency's adverse credibility determination. 8 U.S.C. § 1252(b)(4)(B). And without Shen's testimony, the remaining evidence is not sufficient to compel the conclusion that the agency erred.

**PETITION DISMISSED in part; and DENIED in part**.